UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WILCAC LIFE INSURANCE COMPANY,**

Plaintiff,

v. **No. 4:26-cv-00697-P**

**VIRADA SAYSANGKHY, ET AL.,**

Defendants.

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendants Paul Phonasa and Palina Scott's Motion to Transfer Venue to the District of Idaho ("Motion"). ECF No. 23. Plaintiff Wilcac Life Insurance Company filed the above-captioned interpleader case on June 5, 2025. Plaintiff's Complaint asks this Court to determine who—among named Defendants across California, Idaho, and Texas—should take the proceeds from a life insurance policy issued on the life of Phaengphan T. Saysangkhy, also known as May Phonasa. *See* ECF No. 1. The insured lived in Idaho at the time of her death and at the time she purportedly designated new beneficiaries to her life insurance policy. ECF No. 23 at 1. Whether those changes were valid or the result of undue influence forms the basis of Defendants' dispute. Plaintiff filed this case in the Northern District of Texas because two Defendants reside in Fort Worth. ECF No. 1 at 2–3.

On August 28, Defendants Paul Phonasa and Palina Scott filed their Motion to transfer this case to the United States District Court for the District of Idaho. Phonasa and Scott argue that Idaho is a better forum for this dispute because the Defendants, witnesses, and evidence relevant to the central issue in the case all reside in Idaho. ECF No. 23 at 1–2. The Court ordered expedited briefing on Defendants' Motion on August 31, ECF No. 24, and the only parties who filed a brief opposing transfer were Defendants Virada and Preeda Saysangkhy. In their

opposition, Virada and Preeda Saysangkhy argue that Texas has a substantial connection to the case, and requiring the Texas-based parties and witnesses to travel to Idaho would impose a significant burden on them. ECF No. 26 at 1–2.

**I.**

Having considered the filings and the applicable law, the Court agrees with Phonasa and Scott that this case should be transferred to Idaho. 28 U.S.C. § 1404 provides that "a district court may transfer any civil action to any other district or division where it might have been brought" for the "convenience of parties and witnesses" and "in the interest of justice." The parties do not dispute that this case could have been brought in the District of Idaho. *See* ECF No. 26 at 4 (acknowledging Idaho as a proper venue). The question, then, is whether the District of Idaho is "clearly more convenient" for the resolution of this case. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quotation omitted). Because most of the factors this Court must consider favor transfer, the Court finds that Idaho is "clearly more convenient." *Id.*

*First*, the "private interest factors," on balance, favor transfer to Idaho. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

1. <u>Relative ease of access to sources of proof</u>. The insured was treated by physicians in Idaho around the time she made the disputed beneficiary designations. This means most of the records bearing on her capacity are in Idaho. But some family members with knowledge of the insured's capacity—such as Defendants Virada and Preeda Saysangkhy—reside in the Northern District of Texas. Because relevant evidence resides in this district, this factor is neutral. *See In re TikTok*, 85 F.4th at 358 (explaining this factor favors transfer when "the current district lacks any evidence relating to the case").
2. <u>Availability of compulsory process</u>. Important non-party witnesses with knowledge of the insured's capacity, such as her treating physicians, reside in Idaho. ECF No. 27-1. Under Federal Rule of Civil Procedure 45(c), this Court cannot compel those witnesses to appear at trial in this case. *See* FED. R. CIV. P.

45(c)(1) (providing a district court may "only" command a person to attend a trial "within 100 miles of where the person resides, is employed, or regularly transacts business"). The District of Idaho can. Defendants Virada and Preeda Saysangkhy offer no reason why this factor does not heavily favor transfer, and the Court finds that it does.

3. Cost of attendance for willing witnesses. By the Court's estimate, important non-party witnesses in Idaho will need to travel about 1,600 miles to Fort Worth for trial. And although the opposing Defendants object that they would need to travel from Texas to Idaho, transferring this case to Idaho would only shift the current burden among the Defendants around. *See* ECF No. 1 at 2 (naming three Defendants in Idaho, three Defendants in California, and two Defendants in Texas). This factor thus favors transfer.
4. All other practical problems. Phonasa and Scott filed their Motion early in this litigation. This case has only been pending three months, and the Court has not yet entered a scheduling order. Transferring the case would therefore present no other practical problems for the Parties or the District of Idaho.

*Second*, the "public interest factors," on balance, also favor transfer. *In re Volkswagen*, 545 F.3d at 315.

1. Administrative difficulties flowing from court congestion. The Fort Worth Division is the busiest two-judge division in the United States. The Northern District of Texas, in general, receives more civil case filings per judge than most other federal district courts.[1] The Court has no reason to think that the District of Idaho will have any difficulty resolving this case in a timely fashion. This factor thus favors transfer.

[1] United States Courts, *Caseload Statistics Data Tables*, https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0630.2026.pdf [https://perma.cc/92WH-UVTU] (last visited Sep. 15, 2026) (Table: U.S. District Courts – Federal Court Management Statistics-Comparison Within Circuit).

2. Local interest in having localized interests decided at home. The Northern District of Texas has some interest in this dispute, as two Defendants reside here. But the "events that gave rise to [the] suit" occurred primarily in Idaho. *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (quotation omitted). The insured lived in Idaho, made the disputed beneficiary designations in Idaho, and suffered any alleged undue influence in Idaho. This factor favors transfer.
3. Familiarity of the forum with the law that will govern the case and avoidance of unnecessary problems of conflict of laws. The insured lived in Idaho and made the disputed beneficiary designations in Idaho. That means the issue of whether she had capacity to make those designations will be governed by Idaho law, which the District of Idaho is better equipped to apply. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness … in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."). The opposing Defendants do not dispute this point. This factor therefore favors transfer.

Because most of these factors favor transfer to Idaho, the District of Idaho constitutes a "clearly more convenient" venue. *In re TikTok*, 85 F.4th at 358. The convenience of the parties and witnesses in this case and the interest of justice would be served by transfer.

**II.**

Lastly, the Court determines that a stay of transfer would disrupt a just and expeditious resolution of this case. In September 2024, the Northern District of Texas updated its Local Rules to require a 21-day stay following any contested transfer order outside of the Fifth Circuit. N.D. TEX. L.R. 62.2. But under Local Rule 83.1, and "[n]otwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious." N.D. TEX. L.R. 83.1. An additional 21-day stay is not necessary, expeditious, or just.

The Court questions the legitimacy and practicality of Local Rule 62.2 (the "Rule"). In terms of legitimacy, the ostensible reason behind the Rule is to allow the de facto appellate review of a district court's decision to transfer a case to another circuit. But jurisdiction of federal courts to exercise appellate review is established by Congress and the United States Supreme Court—not the district courts, or even learned circuit courts, through local rules. *See United States v. Richardson*, 418 U.S. 166, 189 (1974) (Powell, J., concurring) ("We must as judges recall that, as Mr. Justice Holmes wisely observed, the other branches of the Government are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts.") (quoting *Missouri, K. & T. Ry. Co. of Texas v. May*, 194 U.S. 267, 270 (1904)).

The current venue statutes, 28 U.S.C. §§ 1391, 1404(a), 1406, and 1631, say nothing about a district court needing to stay a case following a transfer order to another district, for any amount of time. In fact, § 1404(a) is so broad that it allows transfer to "*any* other district or division where it *might* have been brought." 28 U.S.C. § 1404(a) (emphasis added). And courts have long enjoyed "broad discretion in deciding whether to order a transfer." *In re Volkswagen*, 545 F.3d at 311. While the venue statutes have been enacted for decades, and Congress has had ample opportunity to amend them, the Rule seemingly circumvents that process with a substantive rather than procedural revision. "That is wrong coming and going." *Evans v. Garza*, 161 F.4th 315, 325 (5th Cir. 2025) (Oldham, J., dissenting).

As for practicality, the Rule forces district court judges to prioritize certain filings over others. For example, if a temporary restraining order and motion to transfer are filed at the same time, a judge may be forced to rule on the request for a restraining order given the 21-day waiting period the parties must endure—notwithstanding a clearly improper venue. And although the Court resorts to Local Rule 83.1 in this Order to avert the 21-day stay for the Parties' interests, it is clear that Local Rule 83.1 and this Rule are inconsistent. Moreover, the Rule necessarily infringes on a district court's charge to manage its own docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) (holding that trial courts

possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases").

Accordingly, notwithstanding the local rules, the Court has determined it is just and expeditious to immediately transfer this case to the District of Idaho and directs the Clerk to transfer the case without delay.

## CONCLUSION

For the foregoing reasons, the District of Idaho is a more appropriate venue for this case. Accordingly, the Court **ORDERS** that Defendants Paul Phonasa and Palina Scott's Motion to Transfer Venue to the District of Idaho is **GRANTED.** The above-captioned case is hereby immediately **TRANSFERRED** to the United States District Court for the District of Idaho.

**SO ORDERED** on this **15th day** of **September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE